# Court of Appeals
# of the State of Georgia

ATLANTA,  May 09, 2023

*The Court of Appeals hereby passes the following order:*

### A23A1285. LELAND C. POPPELL CONSTRUCTION, INC. v. NUTRIEN AG SOLUTIONS, INC.

After Nutrien AG Solutions, Inc. ("Nutrien") obtained a judgment against Edward Westberry Jr., it filed a garnishment action against him, naming Leland C. Poppell Construction, Inc. ("Poppell") as the garnishee.[1] After Poppell failed for approximately two years to file an answer or other responsive pleading, Nutrien sought and obtained a default judgment against Poppell for $371,836.21. Poppell thereafter moved to set aside the judgment pursuant to OCGA § 9-11-60 and OCGA § 18-4-8 (a). Alternatively, Poppell sought to modify the judgment pursuant to OCGA § 18-4-24. The trial court denied that motion, and Poppell filed this direct appeal. We, however, lack jurisdiction

Appeals in cases involving garnishment must be initiated by an application for discretionary appeal filed with this Court. OCGA § 5-6-35 (a) (4); *Lamb v. First Union Brokerage Svcs.*, 263 Ga. App. 733, 736 (1) (589 SE2d 300) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (punctuation omitted). Thus, Poppell's failure to file a discretionary application deprives us of jurisdiction over this appeal, which is hereby DISMISSED.

---

[1] The record indicates that Westberry is a former employee of Poppell.



*Court of Appeals of the State of Georgia*

      *Clerk's Office, Atlanta,* <u>05/09/2023</u>

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*